NUMBER 13-08-00512-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MOINA SHANNON BAECHER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 On October 8, 2002, appellant, Moina Shannon Baecher, was charged by indictment
with driving while intoxicated ("DWI") in Bee County, Texas. (1) See Tex. Penal Code Ann.
§ 49.04 (Vernon 2003). Pursuant to a plea bargain, Baecher pleaded guilty to the offense. (2) 
The Bee County trial court accepted the plea bargain and sentenced Baecher to ten years'
incarceration in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"),
probated for ten years, and imposed a $5,000 fine. 

 On July 31, 2007, the State filed a motion to revoke Baecher's community
supervision. In its first motion to revoke, the State alleged that Baecher violated the terms
and conditions of her community supervision by failing to: (1) abstain from consuming
alcohol; (2) pay a statutory supervisory fee of $60.00 per month; and (3) pay the $5,000
fine imposed in the amount of $40.00 per month until the fine had been paid in full. 

 On February 15, 2008, the State filed a second motion to revoke Baecher's
community supervision. In this motion to revoke, the State alleged that Baecher violated
the terms and conditions of her community supervision by: (1) consuming alcohol; (2)
operating a vehicle while intoxicated; (3) being found guilty of DWI in Travis County, Texas,
in trial court cause number D1DC07207151; (3) (4) failing to pay a statutory supervisory fee
of $60.00 per month; and (5) failing to pay the $5,000 fine imposed in the amount of
$40.00 per month until the fine had been paid in full. On August 5, 2008, the Bee County trial court conducted a hearing on the State's
second motion to revoke Baecher's community supervision. At the hearing, Baecher, after
being admonished, pleaded true to all of the allegations contained in the State's second
motion to revoke and entered into a written stipulation of evidence admitting that the
allegations were true. 

 The Bee County trial court concluded that Baecher violated the terms and conditions
of her community supervision, revoked her community supervision, and sentenced her to
ten years' confinement in the TDCJ. (4) In addition, the trial court reassessed the $5,000 fine
that was imposed originally and ordered Baecher to pay any additional unpaid court costs. 
Baecher's sentence was ordered to run concurrent with the sentence imposed in the Travis
County case. Baecher now appeals the judgment of the Bee County trial court.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Baecher's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no error which could be advanced on appeal. Although counsel's
brief does not advance any arguable grounds of error, it does present a professional
evaluation of the record demonstrating why there are no arguable grounds to be advanced
on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In
Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and
set out pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed
appellant of her right to review the record and to file a pro se response within thirty days. (5) 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. On November 10, 2008,
Baecher filed a motion for an extension of time to file her pro se response and a motion
to obtain a copy of the reporter's record. We granted Baecher's motion for extension of
time, but denied Baecher's motion for a copy of the reporter's record. (6) In granting
Baecher's motion for extension time, we set a deadline of December 30, 2008 for Baecher
to file her pro se response if she so desired. (7)

II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, and appellant's pro se
response and have found nothing that would arguably support an appeal. See Bledsoe
v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and
reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, the judgment of the trial court is affirmed. 


III. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of her right to file
a petition for discretionary review. (8) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 12th day of March, 2009.

1. The indictment contained an enhancement paragraph referencing Baecher's prior convictions for
two counts of intoxication manslaughter--second-degree felonies--on July 18, 1997 in Karnes County, Texas. 
See Tex. Penal Code. Ann. § 49.08 (Vernon Supp. 2008). 
2. As part of the plea bargain, the State agreed to recommend that Baecher be incarcerated for not
more than ten years in exchange for Baecher's guilty plea.
3. In trial court cause number D1DC07207151, Baecher was convicted of driving while intoxicated
("DWI"), a third-degree felony, in Travis County, Texas. See id. §§ 49.04 (Vernon 2003), 49.09 (Vernon Supp.
2008). The 147th District Court in Travis County imposed a four-year sentence in the Institutional Division of
the Texas Department of Criminal Justice.
4. The record contains a copy of a revocation report prepared by the Texas Department of Criminal
Justice Community Justice Assistance Division on July 30, 2008. According to the report, Baecher had three
felony convictions and one misdemeanor conviction on her record. In addition, the report indicated that
Baecher had been convicted of driving while intoxicated at least three times. Because Baecher had at least
two convictions for DWI, her current DWI offense was enhanced to a third-degree felony. See id. §
49.09(b)(2). Baecher's two convictions for intoxication manslaughter further enhanced punishment to the
second-degree felony range. See id. § 12.42(a)(3) (Vernon Supp. 2008). The punishment range for a
second-degree felony is "for any term of not more than 20 years or less than 2 years." Id. § 12.33 (Vernon
2003). 
5. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
6. On November 20, 2008, this Court ordered Baecher's appellate counsel, S. Reese Rozzell, to
provide her a copy of the reporter's record to assist her in preparing her pro se response.
7. Baecher filed her pro se response on February 25, 2009.
8. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.